IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SCOTT M. ANDERSEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOMECOMINGS FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC., Deleware limited liability company; AURORA LOAN SERVICES, LLC, a limited liability company; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Deleware corporation; JAMES H. WOODALL, an individual; and DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT HOMECOMINGS' MOTION TO DISMISS THE SIXTH CAUSE OF ACTION IN PLAINTIFF'S COMPLAINT<br><br><br>Case No. 2:11-CV-332-TS<br><br>Judge Ted Stewart |

This matter is before the Court on defendant Homecomings Financial, LLC FKA Homecomings Financial Network's ("Homecomings") Motion to Dismiss the Sixth Cause of Action in Plaintiff's Amended Complaint.[1] For the reasons discussed below, the Court will grant Homecomings' Motion.

---

[1]Docket No. 29.

1

I.  BACKGROUND

Plaintiff's Amended Complaint alleges that, on October 16, 2006, Plaintiff executed a Promissory Note (the "Note") with Homecomings in order to refinance property located in Orem, Utah.[2]  The Note named Homecomings as the lender and Plaintiff granted Homecomings a deed of trust (the "Deed of Trust") in conjunction with the note that was recorded on the property on November 13, 2006.[3]  The refinance loan was in the principal amount of $346,500.00, of which, $14,256.00 was fees.  Plaintiff used $61,020.38 to pay off an unsecured creditor and received a cash out of $1,567.03.

Plaintiff alleges that during the underwriting process Homecomings: (1) failed to disclose that it paid a broker a yield spread premium payment of $11,261.25; (2) charged a rate 2.1875% higher than Plaintiff qualified for; and (3) charged a different finance charge then disclosed in Plaintiff's Truth in Lending Act disclosures.  Plaintiff also alleges that Homecomings did not exercise the requisite diligence in the underwriting process because it did not collect documentation regarding Plaintiff's actual income and allegedly relied upon the value of the property as a guarantee of payment.[4]

On July 10, 2009, a notice of default was recorded indicating that Plaintiff was in default on his obligations under the Deed of Trust.[5]

---

[2]Docket No. 2-1, at 3.

[3]*Id.*

[4]The Court notes that the majority of Plaintiff's allegations with regard to "Material Misrepresentations Regarding the Terms of the Loan," are premised on a forensic audit of the loan transaction which Plaintiff attaches to his Amended Complaint.

[5]*Id.* at Ex. D.

On April 23, 2010, Plaintiff caused a "Notice of Superseding Successor of Trustee and Appointment" against the property, purporting to replace the trustee with "Rocky Mountain Title Associates."[6] Plaintiff also caused to be recorded against the property—allegedly pursuant to admiralty law—an "Affidavit of Obligation Commercial Lien" (describing a $40,131,692.00 lien allegedly owed by Defendant Aurora) and a Notice of Lis Pendens.[7]

The Court previously dismissed the first five causes of action in Plaintiff's Amended Complaint, leaving only the sixth cause of action against Homecomings to be resolved in this Motion.

## II. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[8] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[9] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[10] But, the court "need not accept . . . conclusory allegations without supporting factual

---

[6] Docket No. 2, Ex E. ("Memorandum in Opposition to Motion for Injunctive Relief").

[7] *Id.*

[8] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[10] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

averments."[11]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[12]  The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[13]

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[14]

The Supreme Court recently provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[15]  In *Iqbal*, the Court reiterated that while FED.R.CIV.P. 8 does not require detailed factual allegations, it nonetheless requires "more than unadorned, the-defendant-unlawfully harmed-me accusation[s]."[16]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[17]  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[18]

---

[11] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[13] *Twombly*, 550 U.S. at 547.

[14] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[15] 129 S.Ct. 1937 (2009).

[16] *Id*. at 1949.

[17] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[18] *Id*. (quoting *Twombly*, 550 U.S. at 557).

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[19]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[20] Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the

---

[19]*Id.* at 1949-50 (internal quotation marks and citations omitted).

[20]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[21]

III. DISCUSSION

Plaintiff alleges to have "suffered damages because of Homecomings' careless or negligent misrepresentations."[22] Homecomings contends that Plaintiff's claim should be dismissed because (1) Plaintiff does not state the prima facie elements of a claim for negligent misrepresentation; (2) Plaintiff has not satisfied the particularity requirements of Fed.R.Civ.P. 9(b); and (3) Plaintiff's negligent misrepresentation claim is barred by the economic loss rule.

A. PRIMA FACIE ELEMENTS

Plaintiff alleges that Homecomings has a pecuniary interest in the property and that Homecomings carelessly or negligently misrepresented material terms of the refinance loan into which it entered with Plaintiff. Homecomings contends that Plaintiff's claim fails because Plaintiff has not demonstrated what the alleged misrepresentations were, how such misrepresentations were material, how Plaintiff relied on the misrepresentations or how that reliance was reasonable.

"Under Utah law, to prove negligent misrepresentation several elements must be shown: (1) the plaintiffs reasonably relied on the defendant's representation, (2) the representation constitutes a "careless or negligent misrepresentation of a material fact," (3) the defendant "had a pecuniary interest in the transaction," (4) the defendant "was in a superior position to know the

---

[21]*Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[22]Docket No. 2-1, at 36-37.

6

material facts," and (5) the defendant "should have reasonably foreseen that the injured party was likely to rely upon the misrepresentation."[23]

The Court agrees with Homecomings. Plaintiff appears to argue that the Court should infer, based on Plaintiff's allegations, that Homecomings made a careless or negligent misrepresentation of material fact. However, even if the Court were willing to make such an inference, Plaintiff has not plead facts to demonstrate that he relied on any alleged statement by Homecomings. Therefore, Plaintiff has failed to plead facts sufficient to maintain a cause of action for negligent misrepresentation.

B.     PARTICULARITY REQUIREMENTS

Homecomings also alleges that Plaintiff's Complaint includes only a mere recitation of the elements of fraud and thus does not satisfy the particularity requirements of Fed.R.Civ.P. 9(b). Plaintiff contends that he has stated with particularity that the yield spread premium was not adequately and honestly disclosed, the actual finance charges and calculation required by the Truth in Lending Act were not disclosed and that Homecomings accepted an allegedly inflated appraisal value.

Because negligent misrepresentation constitutes a form of fraud,[24] the requirements of Fed.R.Civ.P. 9(b) apply even though the claim is not technically a claim for fraud.[25] Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud"[26] and this

---

[23]*Mitchell v. Smith*, 2010 WL 5172906, at *8 (D. Utah Dec. 14, 2010) (quoting *Price-Orem Inc. Co. v. Rollins, Brown & Gunnel, Inc.*, 713 P.2d 55, 59 (Utah 1986)).

[24]*See Atkinson v. IHC Hosps. Inc.,* 798 P.2d 733, 737 (Utah 1990).

[25]*See Coroles v. Sabey*, 79 P.3d 974 (Utah Ct. App. 2003).

[26]Fed.R.Civ.P. 9(b).

particularity requirement is not met by a mere recitation of the elements of fraud or by conclusory allegations that are not supported by relevant facts.[27]

In the instant case, Plaintiff has alleged each of the elements for negligent misrepresentation. However, while Plaintiff properly recites the elements of negligent misrepresentation, he does not plead facts sufficient to meet the particularity requirements of Rule 9(b). Mere allegations of the correct language are not sufficient to maintain an action for negligent misrepresentation. For this reason, the Court finds that Plaintiff has failed to meet the particularity requirements of Rule 9(b).

C.    ECONOMIC LOSS RULE

Finally, Homecomings argues that Plaintiff's claim is barred by the economic loss rule. Plaintiff argues that the economic loss rule does not bar recovery because Homecomings violated an independent duty under the Uniform Commercial Code § 4-103 ("UCC § 4-103").[28]

"The economic loss rule is a judicially created doctrine that marks the fundamental boundary between contract law, which protects expectancy interests created through agreement between the parties, and tort law, which protects individuals and their property from physical harm by imposing a duty of reasonable care."[29]

---

[27]*See Hoverman v. CitiMortgage*, 2011 WL 3421406, at *5 (D. Utah Aug. 4, 2011).

[28]Plaintiff asserts that the Utah Supreme Court—in *Arrow Industries, Inc. v. Zions National Bank*, 767 P.2d 935 (Utah 1998)—made applicable UCC § 4-103 to all banking transactions. The Court does not agree that the *Arrow* court's application of UCC § 4-103 to banking transactions implies an independent duty in a case involving a refinance of real property.

[29]*SME Indus., Inc. v. Thompson, Ventulett, Stainback and Assocs., Inc.*, 28 P.3d 669, 679 (Utah 2001).

8

The economic loss rule serves two purposes. First, it bars recovery of economic losses in negligence actions unless the plaintiff can show physical damage to other property or bodily injury. Second, the economic loss rule prevents parties who have contracted with each other from recovering beyond the bargained-for risks.[30]

Here, Plaintiff is barred from recovering beyond the bargained-for risks as contained in the Note and Deed of Trust. Plaintiff has not alleged physical damage to himself or his physical property. Moreover, the Court finds Plaintiff's argument for imposition of an independent duty under UCC 4-103 inapplicable to the facts of this case. As such, had Plaintiff stated a proper claim for negligent misrepresentation, it would be barred by the economic loss rule.

### III. CONCLUSION

For the foregoing reasons, Homecomings' Motion to Dismiss the Sixth Cause of Action in Plaintiffs' Amended Complaint (Docket No. 29) is GRANTED and Plaintiff's Complaint is dismissed with PREJUDICE. The Clerk of Court is directed to close this case forthwith.

DATED   August 17, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[30]*Sunridge Dev. Corp. v. RB&G Eng'g, Inc.*, 230 P.3d 1000, 1006 (Utah 2010) (internal quotations omitted).