IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SCOTT M. ANDERSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>HOMECOMINGS FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC., Delaware limited liability company; AURORA LOAN SERVICES, LLC, a limited liability company; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Deleware corporation; JAMES H. WOODALL, an individual; and DOES 1-10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REFUND OF BOND<br><br><br>Case No. 2:11-CV-332 TS |

    Before the Court is Plaintiff's Motion for Refund of Bond. This matter originated in the Fourth Judicial District Court of Utah. Plaintiff therein filed a motion for a temporary restraining order, which was granted. Plaintiff was ordered to post $500 as security pursuant to Utah R. Civ. P. 65A(c). Soon after, the case was removed to this Court. Plaintiff filed a motion for

1

preliminary injunction, which was ultimately denied.  All of Plaintiff's claims have since been dismissed.

Now before the Court is a motion from Plaintiff to return his $500 security.  The security, originally paid to the state court, was transferred to this Court in July 2011.

Under Utah Rule 65A(c)(1), a security is required unless "none of the parties will incur or suffer costs, attorney fees or damage as the result of any wrongful order or injunction."  An "injunction is wrongfully issued and recovery on the bond is permissible if it is finally determined that the applicant was not entitled to the injunction."[1]  The Utah rule does not state the procedure for recovery on a security.  However, because a security is required as a means of insuring against damage caused by an injunction to the party wrongfully enjoined, it is clear that the amount of damages, if any, stemming from the injunction must be shown by the aggrieved party for the Court to determine how much of the security should be dispersed.

Mr. Anderson moved for return of his security on February 9, 2012.  Defendants have yet to respond, despite recent contact from this Court inquiring after the possibility of a filing.  Accordingly, having received no indication from Defendants that they will move against the security and no opposition to the instant Motion, Plaintiff's request will be granted.

---

[1] *Mountain States Tel. & Tel. Co. v. Atkin, Wright & Miles, Chartered*, 681 P.2d 1258, 1262 (Utah 1984).

It is therefore

ORDERED that Plaintiff's Motion for Refund of Bond (Docket No. 37) is GRANTED. The $500.00 security in this matter is to be released to Scott M. Andersen, 743 S. Carterville Rd. Orem, UT 84097.

DATED   May 1, 2012

BY THE COURT:

_____
TED STEWART
United States District Judge